UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. BEAVERS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　Respondent. | No. 2:19-cv-00353 TLN GGH P<br><br><br>FINDINGS AND RECOMMENDATIONS |

*Introduction and Summary*

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

The petition in this case, as colored by the underlying state court proceedings, is unclearly written in terms of the particular state case under attack here, but there is no mistaking the overarching claim. Petitioner contests the use of a prior Placer County conviction, a conviction to which petitioner entered a plea, to enhance the sentence for which petitioner is currently incarcerated (the Sacramento County case). Respondent has made a motion to dismiss in which alternative positions are argued in terms of whether the Placer County conviction is the conviction directly at issue here, or whether the Sacramento County conviction is the pertinent

conviction, albeit with the attempt to have the sentence in that case overturned because of the use of the prior Placer County conviction.

The undersigned will proceed in a likewise fashion although it is most probably the latter conviction petitioner ultimately places at issue in this habeas action. For the reasons set forth herein, to the extent the Placer County conviction is the conviction under direct review, petitioner is no longer in custody for *that* conviction, and hence the court has no jurisdiction to review it.[1]

To the extent that the Sacramento County conviction/sentence is the case for which habeas review is sought, albeit on the grounds that the Placer County conviction was utilized unfairly, the court finds that the action is barred by the AEDPA limitations statute. Furthermore, to the extent that petitioner's attacks use of the prior Placer County conviction in the Sacramento County case, the claim is non-cognizable as a matter of law.

*Factual Background*

The Placer County Conviction

In 2010, petitioner pled guilty to Participation in a Criminal Street Gang, Felon in Possession of a Firearm and Transporting Marijuana. ECF No. 11-1 (showing sentencing hearing of June 15, 2010). This was Placer County Case No. 62-090968/F4511, hereinafter the "Placer County conviction." Petitioner did not appeal this conviction.

According to respondent's lodging, petitioner was paroled (three-year parole) on September 3, 2011. ECF No. 11-17. During that parole period, 112 days were apparently tolled because petitioner was "at large." The form, although difficult to interpret for the administratively unschooled, indicates that with the addition of 91 days revocation time, petitioner was discharged from parole on March 24, 2015. In any event, parole in this case could not have extended past September 3, 2011 plus 112 days—January 2, 2016, extending parole with every possible extension. See Cal. Penal Code §§ 3000 and 3064 limiting any three-year parole

////

---

[1] Respondent is correct that the Federal Habeas Rules, Rule 2(e) only permits the attack of one conviction per petition. However, because the court has no jurisdiction over a challenge to his first conviction, and because it is most probable that only the second conviction is at issue here, the court will proceed in one petition to dispose of both convictions.

2

period to a maximum of four years plus added time for being "at large."[2] It is not entirely clear

---

[2] The pertinent statutory provisions are as follows (emphasis added):

> **Cal Penal Code § 3000**. Legislative findings, declaration and intent; parole; discharge from custody; meetings with inmates; reconsideration of length and conditions; return to custody:
>
> (b) Notwithstanding any provision to the contrary in Article 3 (commencing with Section 3040) of this chapter, the following shall apply to any inmate subject to Section 3000.08:
>
> (1) In the case of any inmate sentenced under Section 1168 for a crime committed prior to July 1, 2013, the period of parole shall not exceed five years in the case of an inmate imprisoned for any offense other than first or second degree murder for which the inmate has received a life sentence, and shall not exceed three years in the case of any other inmate, unless in either case the Board of Parole Hearings for good cause waives parole and discharges the inmate from custody of the department. This subdivision shall also be applicable to inmates who committed crimes prior to July 1, 1977, to the extent specified in Section 1170.2. In the case of any inmate sentenced under Section 1168 for a crime committed on or after July 1, 2013, the period of parole shall not exceed five years in the case of an inmate imprisoned for any offense other than first or second degree murder for which the inmate has received a life sentence, and shall not exceed three years in the case of any other inmate, unless in either case the department for good cause waives parole and discharges the inmate from custody of the department.
>
> (2)(A) For a crime committed prior to July 1, 2013, at the expiration of a term of imprisonment of one year and one day, or a term of imprisonment imposed pursuant to Section 1170 or at the expiration of a term reduced pursuant to Section 2931 or 2933, if applicable, the inmate shall be released on parole for a period not exceeding three years, except that any inmate sentenced for an offense specified in paragraph (3), (4), (5), (6), (11), or (18) of subdivision (c) of Section 667.5 shall be released on parole for a period not exceeding 10 years, unless a longer period of parole is specified in Section 3000.1.
>
> \*\*\*
>
> (6) Upon successful completion of parole, or at the end of the maximum statutory period of parole specified for the inmate under paragraph (1), (2), (3), or (4), as the case may be, whichever is earlier, the inmate shall be discharged from custody. The date of the maximum statutory period of parole under this subdivision and paragraphs (1), (2), (3), and (4) shall be computed from the date of initial parole and shall be a period chronologically determined. Time during which parole is suspended because the prisoner has absconded or has been returned to custody as a parole violator shall not be credited toward any period of parole unless the prisoner is found not guilty of the parole violation. However, the period of parole is subject to the following:
>
> *(A) Except as provided in Section 3064, in no case may a prisoner subject*

3

whether petitioner's parole period could have been extended so far, but in an abundance of caution, the undersigned has included the latest period in the computation. This federal petition, ECF No. 1, was not filed until February 28, 2019, years after any conceivable parole period expired. Petitioner was not "in custody" for the Placer County conviction when he filed the federal petition.

### The Sacramento County Conviction

The factual scenario for this conviction is best set forth in the appellate opinion which includes an interplay between the Placer County conviction and the Sacramento County conviction:

> Defendant Marcus Jamal Beavers has a long criminal history, both as a juvenile and as an adult. A prior conviction in 2010 for actively participating in a criminal street gang is at the heart of the present dispute. (Pen. Code, § 186.22, subd. (a); unless otherwise set forth, statutory references that follow are to the Penal Code.
>
> In this case, defendant was convicted of second degree robbery, assault with a firearm, and possession of hydromorphone. (§§ 211 & 245, subd. (a)(2); Health & Saf.Code, § 11350, subd. (a).) Given defendant's 2010 criminal street gang conviction, which was a strike which was alleged and which the court found true, the court sentenced defendant to 16 years four months with a prison prior under California's three strikes law. (§§ 667, 667.5 & 1170.12.)
>
> Shortly before defendant's trial, our Supreme Court decided *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1131–1132 (*Rodriguez*), which held that subdivision (a) of section 186.22 requires proof that a defendant promoted, furthered, or assisted felonious conduct by members of the gang, and that this element is not satisfied when a defendant acts alone in committing a felony. Based on *Rodriguez*, defendant argues he should not have been sentenced as a second striker because the underlying 2010 prior conviction was not a strike since no evidence showed he acted with at least one other

---

*to three years on parole be retained under parole supervision or in custody for a period longer than four years from the date of his or her initial parole.*

**Cal. Penal Code § 3064**. Suspension or revocation; parolee an escapee until returned to custody; exclusion of escape time from term:

From and after the suspension or revocation of the parole of any prisoner and until his return to custody he is an escapee and fugitive from justice and no part of the time during which he is an escapee and fugitive from justice shall be part of his term.

4

> gang member.
>
> Because defendant pleaded guilty to actively participating in a criminal street gang under section 186.22, subdivision (a), he necessarily admitted every element of that offense, including that he promoted, furthered, or assisted felonious conduct by members of the gang. We therefore affirm the judgment as defendant's prior conviction qualified as a serious felony for purposes of the three strikes law.

People v. Beavers, No. C073720, 2015 WL 4111536, at *1 (Cal. Ct. App. July 8, 2015). Petitioner did not seek direct review with the California Supreme Court.[3]

A series of state habeas petitions were undertaken, the first one was filed in Placer County Superior Court on April 18, 2016, which was then transferred to Sacramento Superior Court on May 10, 2016. See ECF Nos. 11-5, 11-6. The undersigned will utilize April 18, 2016 as the date of filing because it makes no difference in the outcome of the limitations issue.[4] This petition was decided in Sacramento County Superior Court on June 7, 2016. ECF No. 11-14.

For purposes of this limitations analysis, which applies only to the Sacramento County conviction, and because it is unclear in the state habeas petitions what judgment petitioner desires to attack, and giving petitioner the benefit of every doubt, all of the state petitions will be assumed to attack the Sacramento County conviction.

The next state petition was not filed until April 16, 2018 in Placer County. This is the petition which respondent describes as one that cannot be found. ECF No. 9 at 8, fn.5. However, it was clearly decided on the merits on May 23, 2018. ECF No. 11-8. The decision expressly found that the petition had been filed on April 16, 2018.

---

[3] In an event which has no bearing on the issues herein, petitioner was resentenced on Count 3 of the judgment, the felony conviction having been reduced to a misdemeanor. Judgment was re-entered on December 16, 2014. See ECF No. 11-4. No appeal was taken from this re-entry of judgment, as the re-entry of judgment was entirely favorable to petitioner. The direct appeal on the merits of petitioner's Sacramento conviction proceeded and was not decided until July 8, 2015. The resentencing judgment was final long before the appeal was decided, and its significance drops from the case.

[4] Respondent makes a strong argument that a state habeas petition filed in the wrong court does not count as one "properly filed" for limitations purposes. See ECF No. 9 at 10-11, fn.7. There is simply no need to finally decide that issue. Moreover, as respondent argues, the state petitions are not crystal clear in terms of which conviction was being attacked. If the April 16 petition did relate to the Placer County conviction, it was filed in the correct court (albeit very late). For the limitations issue here, petitioner will be given the benefit of every doubt.

Next, on November 5, 2018, petitioner filed in the California Court of Appeal. ECF No. 11-9 (petitioner confusingly labels his petition as in the Court of Appeal located in Sacramento County). This petition was quickly denied by the Court of Appeal on November 8, 2018. Petitioner followed up on this denial with a petition filed in the California Supreme Court on December 12, 2018). ECF No. 11-11 (The petition is labeled as located in San Francisco County). The California Supreme Court denied the petition on April 24, 2019. ECF No. 11-12.

Finally, prior to filing in the California Supreme Court, petitioner again filed a habeas petition in Sacramento County on July 27, 2018. ECF No. 11-15. This petition was denied on October 9, 2018. ECF No. 11-16.[5]

*Discussion*

<u>The Placer County Conviction</u>

"Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider.' See <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1182 (9th Cir.1998) (stating the same as to 28 U.S.C. § 2241's 'in custody' requirement)." <u>Bailey v. Hill,</u> 599 F.3d 976, 978 (9th Cir. 2010). "Custody" means more than the fact of physical incarceration. <u>Id.</u> at 979. A serious restraint on petitioner's liberty, such as probation or parole status, will suffice to render a petitioner "in custody." <u>Maleng v. Cook</u>, 490 U.S. 488, 492 (1989). However, the mere fact that a conviction has been used to enhance a sentence on a successor crime does not mean one is "in custody" for the conviction enhancing the sentence. <u>Id.</u>

*If* petitioner had not completely served the mandatory parole term, no matter the date of its imposition, and regardless of whether he was serving a sentence on an unrelated conviction, he would be "in custody" for purposes of attacking the conviction which led to the imposition of parole; on the other hand, he is not in custody due to a parole term once parole has been discharged. See <u>Henry v. Lungren</u>, 164 F.3d 1240, 1241 (9th Cir. 1999); <u>Mazariego v. California Dep't of Corr. & Rehab.</u>, No. CV 07-2877-DDP (PLA), 2008 WL 2491652 (C.D. Cal. June 19, 2008); <u>Murguia v. Martel</u>, No. CV 09-3054-ODW(E), 2009 WL 4980282 (C.D. Cal. Dec. 16,

---

[5] The decision appears to have been filed on October 9, 2018, but it was not docketed until October12, 2018. This discrepancy does not impact this matter.

2009); Starr v. California, No. 2:12-CV-0083 KJN P, 2013 WL 1402963 (E.D. Cal. Apr. 5, 2013); Collins v. Beard, No. CV-14-3916-GW (JPR), 2015 WL 11367932 (C.D. Cal. Mar. 30, 2015). The record in this case demonstrates that petitioner's parole term for the Placer County conviction was discharged by operation of law possibly on March 24, 2015, but in no event later than January 2, 2016.

Petitioner has the burden of establishing the court's subject matter jurisdiction. See generally Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). "A plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459, (1926). In no way has petitioner controverted the demonstrated fact that he was not "in custody" for purposes of the Placer County conviction when he filed the federal petition. To the extent that this federal petition attempts to directly attack the Placer County conviction, it should be dismissed for lack of jurisdiction.

The Sacramento County Conviction

There is no doubt that petitioner is "in custody" for the Sacramento County conviction; it is also without doubt that that this federal petition is barred by the AEDPA limitations statute no matter what aspect of the Sacramento County conviction is actually at issue.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ////

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Only subsection (A) has applicability here. With no petition for review filed with the California Supreme Court, petitioner's conviction became final for purposes of AEDPA forty days after the Court of Appeal's decision. See 28 U.S.C. § 2244(d)(1)(A); Cal. Rules of Court 8.264(b)(1) (Court of Appeals decision is final 30 days after filing); Cal. Rules of Court 8.500(e)(1) (Petition for review with the California Supreme Court must be served and filed 10 days after the Court of Appeal's decision is final). Accordingly, the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(A) commenced the following day. See Patterson v. Stewart, 251 F.3d 1243, 1244 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Petitioner's Sacramento conviction became final 40 days after the appellate decision was filed on July 8, 2015.[6] Forty days later is August 17, 2015. The AEDPA limitations statute began running the next day—August 18, 2015. Petitioner had until August 18, 2016, that is until one year after finality of conviction, to file a timely federal petition --absent applicable tolling. This instant action filed February 28, 2019 is barred as untimely unless petitioner is entitled to statutory or equitable tolling.

Statutory tolling is applicable here. However, tolling did not commence until the April 18, 2016 state habeas petition was filed. Absent "gap tolling" occasioned by the filing of further habeas petitions, the limitations period recommenced with the filing of the first state habeas

---

[6] The undersigned disagrees with respondent that the resentencing of petitioner, as described above, and which pre-dated the appellate decision, makes any difference in the context of this case. While a remand from the appellate court to resentence may make a resentencing significant from an AEDPA finality viewpoint, petitioner's resentencing occurred entirely within the confines of the appellate process, had nothing to do with the appellate process, and was entirely subsumed within it. The finality of the appellate process which occurred much *later than* the resentencing judgment is the finality date for AEDPA purposes.

8

decision on the merits—June 7, 2016. Thus, 245 days of the AEDPA limitations period expired up to the first statutory tolling, and petitioner had only 120 days left in which to file a federal petition.

The next state habeas petition—April 16, 2018—was filed nearly two years after the decision of the first state habeas petition. In no way can this nearly two-year period be termed a reasonable gap between habeas petitions, even if another duplicative Superior Court habeas filing could toll anything. The Supreme Court has held that for California gap tolling purposes, a 30-60 days gap between denial and filing in the next higher court are presumptively reasonable.

> A prisoner may also be entitled to gap tolling for the period of time between an adverse ruling in a state habeas action and the commencement of a new habeas action in a higher state court. To qualify for gap tolling, the time between a denial of habeas relief in a lower court and a subsequent state challenge must be "reasonable." *Evans v. Chavis,* 546 U.S. 189, 192 (2006). A filing delay of "substantially longer than [ ] 30 to 60 days" without justification will prevent a California prisoner from qualifying for gap tolling of the intervening period under AEDPA. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010)

Harper v. Grounds, No. CV 15-8236 (VAP (MRW), 2016 WL 1714404, at *2 (C.D. Cal. Mar. 15, 2016).

And the courts are reluctant to expand what the Supreme Court has said was presumptively reasonable:

> Ever since *Evans,* the Ninth Circuit Court of Appeals has continued to whittle down the length of delay deemed "reasonable." *Compare Banjo v. Ayers*, 614 F.3d 964, 971 (9th Cir. 2010) (finding that Banjo's delay of 146 days between the first and second petitions filed in the superior court was unreasonable); and *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (finding that delays of 101 and 115 days between filings were unreasonable and therefore not entitled to interval tolling); with *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (holding that interval delays of 81 days and 92 days between filings were unreasonable); and *Livermore v. Sandor,* 2012 WL 2513951, *1 (9th Cir. 2012) (unpublished) (finding that a seventy-six day delay was unreasonable and therefore not entitled to gap tolling). Applying this precedent to the case at bar, it is clear that petitioner is not entitled to gap tolling for the 91 day gap between the California Court of Appeal's denial of habeas relief and the filing date of his petition in the California Supreme Court. Especially in light of *Velasquez*, 639 F.3d at 968 (finding interval delays of 81 days and

> 92 to be unreasonable), the interval at issue here cannot be deemed reasonable.

Robinson v. Lewis, No. 2:13-cv-0604 WBS AC P, 2013 WL 5970421, at *4 (E.D. Cal. Nov. 4, 2013).

Accordingly, as no gap tolling is permissible, petitioner had only 120 days in which to file a federal petition as of June 7, 2016. It is self-evident that the AEDPA limitations period therefore expired long before the filing of those state habeas petitions commencing in April 16, 2018. It is equally self-evident that the federal petition filed in February 28, 2019, is untimely.

Petitioner makes no claim whatsoever for equitable tolling due to extraordinary circumstances outside of his control as defined in case law, and the undersigned will not discuss it here.

Not only is an attack on the Placer County conviction time barred, to the extent that the undersigned has read the petition correctly, the claim therein, improper use of the Placer County conviction as an enhancement for the Sacramento County conviction, is barred by Lackawanna Cty. Dist. Attorney, et al. v. Coss, 532 U.S. 394 (2001). In that case, the Supreme Court held that with exceptions not applicable here, a prior conviction enhancement utilized in a successor case could not be attacked unless petitioner was "in custody" for the prior conviction. Id. at 396-397. As seen above, petitioner was not in custody for the Placer County conviction when the federal petition was filed.

*Conclusion*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

////

////

10

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted;
2. The petition as it relates to the Placer County conviction should be dismissed for lack of jurisdiction; and the petition as it relates to the Sacramento County conviction should be dismissed as untimely.
3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE